12-927 consolidated with 12-909, 12-910, 12-911, 12-912, 12-913, 12-914, 12-915, 12-916, 12-917, 12-918, 12-919, 12-920, 12-921, 12-922, 12-923, 12-924, 12-925, and 12-926

REBEL DISTRIBUTORS CORP., INC. d/b/a PHYSICIAN PARTNER AND PHARMACY PARTNER (LIONEL CERF)

VERSUS

LUBA

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 04
PARISH OF LAFAYETTE, NO. 10-09070
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Marc T. Amy, Judges.

AFFIRMED.

THIBODEAUX, Chief Judge, dissents in part and assigns written reasons, with the exceptions of No. 12-923 and No. 12-924.

Harry K. Burdette
The Glenn Armentor Law Corporation
300 Stewart Street
Lafayette, LA 70501
(337) 233-1471
COUNSEL FOR PLAINTIFF/APPELLANT:
	Rebel Distributors Corporation, Inc. d/b/a
	Physician Partner and Pharmacy Partner

**W. Michael Adams**
**Stacey D. Williams**
**Blanchard, Walker, O'Quinn & Roberts**
**P. O. Drawer 1126**
**Shreveport, LA 71163-1126**
**(318) 221-6858**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Rebel Distributors Corporation, Inc. d/b/a**
      **Physician Partner and Pharmacy Partner**

**Jeffrey C. Napolitano**
**Juge, Napolitano, Guilbeau, Ruli & Frieman**
**3320 West Esplanade Avenue North**
**Metairie, LA 70002**
**(504) 831-7270**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **LUBA Casualty Insurance Company**

**PETERS, J.**

For the reasons assigned in *Rebel Distributors, Inc. v. LUBA Workers'
Compensation*, 12-909 (La.App. 3 Cir. ___/___/14), ___ So.3d ___, we affirm the
judgment of the workers' compensation judge in all respects.  We assess costs of
this appeal equally between the plaintiff, Rebel Distributors Corp., Inc. d/b/a
Physician Partner and Pharmacy Partner, and the defendant, LUBA Casualty
Insurance Company.

**AFFIRMED.**

**12-909 consolidated with 12-910, 12-911, 12-912, 12-913, 12-914, 12-915, 12-916, 12-917, 12-918, 12-919, 12-920, 12-921, 12-922, 12-925, 12-926, and 12-927**


**REBEL DISTRIBUTORS CORP., INC. d/b/a PHYSICIAN PARTNER AND PHARMACY PARTNER (MARY DOUCET)**

**VERSUS**

**LUBA WORKERS' COMP., ET AL.**


**THIBODEAUX, Chief Judge, dissenting in part.**


The majority affirms the judgment of the Office of Workers' Compensation limiting the payment of the outstanding pharmacy bill to $750.00 pursuant to La.R.S. 23:1142. In my view, that is erroneous.

Louisiana Revised Statutes 23:1142(B)(1) and (B)(2)(a) repeatedly refer to "diagnostic testing" and "treatment." It does not, as the majority opinion concedes, include prescription medication as part of nonemergency diagnostic testing or treatment. The diagnostic testing and treatment are the only matters that are subject to the $750.00 cap, not medication.

The more specific provisions of Part II of Chapter 10 entitled "Benefits" should properly apply. Louisiana Revised Statutes 23:1203(A)(B)(D) and (E) all specifically refer to "drugs," "supplies," or "services." The majority, in my view, is interpreting La.R.S. 23:1203 much too restrictively and focuses undue attention on references to "employer" and "employee."

For the foregoing reasons, I respectfully dissent in part.